Civil Cover Sheet (JS 44)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

**FILED - LN**
April 27, 2026 10:20 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: EOD  SCANNED BY: eod 04/27

SHANNON G. WAGNER, D.O., J.D.,

Plaintiff,

v.

Civil Action No.: (to be assigned)

MUTEE ABDOLE a/k/a MUTEE ABDELJABER,

FADWA TAYFOUR,

RAL REALTY LLC,

GHULAM JAFAR KANG,

STACEY LEE WELSH,

MICHEAL OAKES

Defendants.

Hon.:  TBD

1:26-cv-01350
Robert J. Jonker
U.S. District Judge

**Nature of Suit:** 470 – Racketeer Influenced and Corrupt Organizations (RICO) Act

**Basis of Jurisdiction:** Federal Question (28 U.S.C. § 1331)

**Citizenship of Parties:** All plaintiffs and defendants are citizens of Michigan

**Related Cases:** Ingham County Case No. 19-000598-CZ (reopened or pending motion);

Genesee County Case No. 24-121623-CH

**Jury Demand:** Yes

**Filed by:** Shannon G. Wagner, D.O., J.D. Pro Se

wDMI
CoPy

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SHANNON G. WAGNER, D.O., J.D.,

Plaintiffs

v.

MUTEE ABDOLE a/k/a MUTEE ABDELJABER,

FADWA TAYFOUR,

RAL REALTY LLC,

GHULAM JAFAR KANG,

STACEY LEE WELSH,

MICHAEL OAKES

Defendants.

Civil Action No.: (to be assigned)

Hon.: TBD

---

COMPLAINT FOR VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT

ORGANIZATIONS ACT (18 U.S.C. § 1961 et seq.), MICHIGAN RICO, FRAUDULENT

CONVEYANCE, AND RELATED CLAIMS WITH JURY DEMAND

Plaintiff Shannon G. Wagner, D.O., J.D., proceeding pro se, allege as follows:

## I. INTRODUCTION

This is a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

18 U.S.C. § 1961 et seq., and Michigan's RICO statute, MCL 750.159i.

Defendants have operated a long-running enterprise whose purpose is to acquire, conceal, and strip equity from real properties through fraudulent conveyances, nominee deeds, false notarizations, and active concealment during pending litigation.

## II. PARTIES

3. Plaintiff Shannon G. Wagner is a resident of Lansing, Michigan.

4. Defendant Mutee Abdole (a/k/a Mutee H. Abdeljaber) is a resident of Michigan and the principal operator of the enterprise.

5. Defendant Fadwa Tayfour is Abdole's wife and has acted as his alter ego in multiple fraudulent transfers.

6. Defendant RAL Realty LLC is a Michigan limited liability company wholly owned and controlled by Abdole.

7. Defendant Ghulam Jafar Kang is a Michigan resident who received the concealed fraudulent transfer of the subject property.

8. Defendant Stacey Lee Welsh is a Michigan notary public who repeatedly notarized false $0 quitclaim deeds without the necessary signatories being present.

9.Michael Oakes is an attorney who represented Dr. Abdole in the 2017 intentionally mislabeled case and actively participated in the enterprise by representing Abdole with false paperwork.

10. John Does 1–10 are additional co-conspirators, nominees, or participants whose identities will be ascertained through discovery.

## III. JURISDICTION AND VENUE

11. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c). This Court has original federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States, specifically the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and 18 U.S.C. § 1964(c), which provides a private right of action for treble damages and attorney fees. Supplemental jurisdiction over the related state-law claims exists under 28 U.S.C. § 1367.

12. Venue is proper in the Southern Division of the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Ingham County, Michigan, including the subject property at 300 Jolly Road, Okemos, MI. The state claims (Michigan RICO, fraudulent conveyance, quiet title) ride along under supplemental jurisdiction (§ 1367).

## IV. THE RICO ENTERPRISE AND PATTERN OF RACKETEERING ACTIVITY

13. In April 2009, Plaintiff Shannon G. Wagner, then Shannon Wiggins, entered into a land contract with Defendant Mutee Abdole for the real property located at 300 Jolly Road, Okemos, Michigan 48864. Under Michigan's lien-theory doctrine, this land contract immediately vested equitable title in Plaintiff Wagner. (Exhibit A-Land Contract Wiggins)

14. In August 2009, while Plaintiff Wagner held equitable title, Abdole executed a quitclaim deed transferring the same property to his wholly-owned alter-ego entity, Defendant RAL Realty LLC, for the nominal sum of $1.00. This transfer was void ab initio. (Exhibit B- August transfer to RAL)

15. In 2015 and 2016, Abdole (acting through Defendant Fadwa Tayfour) coerced James St. Clair into signing two $0.00 quitclaim deeds transferring his interest in the same property. Defendant Stacey Lee Welsh notarized these deeds without the signatories being present or properly swearing to their contents. (Exhibit C quit claims to James and Land Contract to James)

16. While a 2019 Ingham County lawsuit (Case No. 19-000598-CZ) was actively pending, Abdole/Tayfour secretly transferred the property to Defendant Ghulam Jafar Kang on October 16, 2019 — the exact same day the auction company removed the property from auction because of the pending litigation. (Exhibit D- ROA of 2019 case)

17. This transfer was deliberately concealed from both the Ingham County Circuit Court and Plaintiff Wagner.

18. The October 16, 2019 transfer to Kang was made at a substantial discount below the State Equalized Value and the auction listing price. (Exhibit E- transfer to Kang and price)

19. On September 16, 2025, the Genesee County Circuit Court entered a default judgment against Defendant Kang that quieted title against him and deemed the entire chain of title fraudulent, admitting all allegations of concealment. (Exhibit F-2025 default judgment)

20. Abdole has repeatedly placed properties in the names of nieces and nephews without their knowledge or consent using $1,00 0 to $5,000 quitclaim deeds to hide true ownership.

21. One documented example is the property at 1707 S. Washington Ave., Lansing, MI 48910, which Abdole transferred into the name of his niece Miriam for $5,000 (with no payment ever made), only for Miriam to later discover and rescind the deed; Abdole then immediately transferred the same property into the name of his nephew, Thomas (Miriam's younger brother) using the same $100/nominal deed pattern. (Exhibit G Chart of nominee deeds)

22. Defendant Stacey Lee Welsh has repeatedly notarized these fraudulent $0 quitclaim deeds without the signatories being physically present or properly administering an oath. (Exhibit H- deeds notarized after the fact), (Exhibit I James' affidavit about notary)

23. The enterprise's pattern is ongoing. Defendants continue to use nominee deeds, false notarizations, and concealment tactics across multiple properties. (Exhibit J-properties showing pattern evidence)

24. The predicate acts alleged in this Complaint are related by a common purpose and scheme: the systematic acquisition, concealment, and stripping of equity from real properties through fraudulent conveyances, nominee deeds, false notarizations, and active concealment during pending litigation.

25. All predicate acts share the same core participants (primarily Mutee Abdole, Fadwa Tayfour, RAL Realty LLC, Oakes, and Stacey Lee Welsh), employ the same methods ($0 or nominal quitclaim deeds and false notarizations), and are directed toward the same goal of equity stripping and asset protection from creditors and litigants.

26. The acts demonstrate closed-ended continuity because they have occurred over a continuous period of more than fifteen years, from at least April 2009 through the present.

27. In 2017, in an effort to conceal the illegal conveyances, Michael Oakes appeared on behalf of Abdole and filed a notice of eviction.

28. At that time, the land contract was still in effect.

29. Attorney Oakes deliberately misled Dr. Wagner into thinking the notice of eviction was legal due to Abdole's near decade of fraudulent conveyances by typing in Michigan Court Case Code "LT" rather than "SP". (Exhibit K-Oakes involvement)

30. "LT" stands for Landlord/Tenant issues. "SP" is the correct term for land contract proceedings.

31. A consent judgement was entered as Plaintiff thought she's already lost the house due to Abdole's prior fraud.

32. In the 2024 Genesee County action (Case No. 24-121623-CH), Defendants were initially represented by attorneys Raymund Mashni who then left the case without officially withdrawing to Stephen Fourcrier, Jenn Howard, and Ann Nichols of the law firm Willingham Cote.

33. On or about March 2025, after Plaintiff demonstrated at oral argument the fraudulent nature of Abdole's conveyances, the Willingham Cote attorneys filed a motion to withdraw as counsel. In that motion, they expressly stated that "since early March 2025, a breakdown of attorney-client communication has occurred, making it a challenge to proceed as defense counsel. Specifically, Defendants have restricted the scope of representation in such a way that it's not in their best interests. They have also not honored the terms and conditions of the engagement agreement." (Exhibit L – Motion to Withdraw of Willingham Cote).

34. Raymond N. Mashni, a licensed Michigan attorney who is no longer counsel of record in this case, has repeatedly appeared in court — both in person and via Zoom — alongside Concannon or directly with Defendant Abdole. Mashni has also served as Concannon's campaign treasurer in past political activities which was investigated by the Federal Elections committee on various ethical grounds and maintains a close professional and business relationship with him. Mashni's regular presence at hearings, despite no longer being counsel of record, further demonstrates coordinated efforts to protect the enterprise's fraudulent transfers and concealment.

35. The timing and circumstances of the withdrawal of ethical counsel (Willingham Cote), the immediate replacement by Concannon, and the ongoing involvement of Mashni constitute

circumstantial evidence that these actors were working in concert to shield the RICO enterprise from full exposure and to continue defending the fruits of the fraudulent scheme and that the ethical issues which led Willingham Cote to withdraw were not an issue with Mr. Concannon.

## V. CLAIMS FOR RELIEF

COUNT I – Violation of 18 U.S.C. § 1962(c)

(Conducting the Affairs of an Enterprise Through a Pattern of Racketeering Activity)

36. Plaintiff realleges and incorporate all preceding paragraphs.

37. Defendants conducted and participated, directly or indirectly, in the conduct of the affairs of the RICO enterprise through a pattern of racketeering activity consisting of multiple acts of mail fraud, wire fraud, and Michigan false instruments. (Exhibit M-Dr. Wagner Affidavit)

38. Each Defendant is liable under § 1962(c) because they knowingly participated in the operation or management of the enterprise and committed at least two predicate acts in furtherance of it.

39. As a direct and proximate result, Plaintiffs have been injured in their business and property in an amount exceeding $350,000.

COUNT II – Violation of 18 U.S.C. § 1962(d)

(RICO Conspiracy)

40. Plaintiff realleges and incorporate all preceding paragraphs.

41. Defendants knowingly agreed to conduct and participate in the affairs of the enterprise through a pattern of racketeering activity.

42. Each Defendant is liable for the acts of co-conspirators in furtherance of the conspiracy.

43. During the pendency of the 2024 case, Judge Mark Latchana, who is the subject of two complaints to the Judicial Tenure Commission, as well as two Motions to Recuse both of which he denied, demonstrated an appearance of bias when Mr. Concannon entered the case. Judge Latchana, in Plaintiff's opinion, also violated other ethical canons that allowed Mr. Concannon to operate without penalty for lying to the court, making unfounded accusations against Plaintiff, and many other violations of the Rules of Professional Conduct.

COUNT III – Violation of Michigan RICO, MCL 750.159i

44. Plaintiff realleges and incorporate all preceding paragraphs.

45. Defendants' conduct violates Michigan's RICO statute, which mirrors the federal statute and provides for treble damages and attorney fees. Michigan RICO statute, MCL 750.159g (criminal RICO), and Plaintiffs, having been injured in their business and property by reason of those violations, are entitled to bring this civil action under MCL 750.159i.

46. As a direct and proximate result of Defendants' violations, Plaintiffs have suffered injury to their business and property and are entitled to recover treble damages, costs, and reasonable attorney fees pursuant to MCL 750.159i.

47. 41. In the 2024 Genesee County action, when Concannon was unavailable for a hearing, attorney Adam Foley appeared as substitute counsel on his behalf.

48. In a related case in the 53rd Circuit Court – Cheboygan County, Case No. 2024-0000009092-NZ (*Moran v. Bishop*), Adam Foley (who made an appearance for Andrew Concannon in the 2024 Genessee County case) employed nearly identical delay tactics — including repeated requests for adjournments, failure to comply with discovery deadlines, and other procedural maneuvers — that were ultimately sanctioned by the court for violating court rules and ethical

obligations. A default was entered against the defendant on June 4, 2025.  (Exhibit N- ROA of

Cheboygan case) Mr. Concannon and Mr. Foley work for the same firm and share cases.

49. The striking similarity between the delay tactics and sanctions in Case No. 2024-

0000009092-NZ and the tactics employed by Concannon in the 2024 Genesee County case

demonstrates a deliberate, coordinated pattern of obstruction designed to prolong litigation,

frustrate Plaintiffs' ability to obtain discovery and adjudication on the merits, and thereby protect

the fruits of the RICO enterprise's fraudulent conveyances.

50. This pattern of delay tactics, combined with the suspicious withdrawal of the prior ethical

counsel (Willingham Cote) immediately after Plaintiff demonstrated the concealed 2019 transfer,

the rapid replacement by Concannon, and the repeated non-record appearances of Raymond

Mashni at hearings, constitutes strong circumstantial evidence that Concannon, Foley, Mashni,

and the Defendants are working in concert to shield the ongoing enterprise from full exposure

and accountability. (Exhibit O Affidavit of Jeff Wagner)

COUNT IV – Fraudulent Conveyance (MCL 566.31 et seq.)

51. Plaintiff realleges and incorporate all preceding paragraphs.

52. The transfers described above were made with actual intent to hinder, delay, or defraud

creditors and litigants, as evidenced by the badges of fraud. (Exhibit O- Jeff Wagner Affidavit

COUNT V – Quiet Title and Declaratory Relief

53. Plaintiff realleges and incorporate all preceding paragraphs.

54. Plaintiff seek a declaration that the chain of title is fraudulent and void as to Defendants, and

that equitable title remains with or should be quieted in favor of Plaintiffs. Since equitable title

cannot be granted by any defendant, Plaintiff seeks monetary remedies as requested below.

## VI. CONCLUSION:

Each predicate act is pled with the particularity required by Fed. R. Civ. P. 9(b). The acts are related by the common purpose of equity stripping and demonstrate both closed-ended continuity (15+ years) and open-ended continuity (threat of continued racketeering). The September 16, 2025 Genesee default judgment (Exhibit E) further confirms the fraudulent nature of the pattern.

PREDICATE ACTS – RULE 9(b) PARTICULARITY CHART Federal Civil RICO Case

| Predicate Act | Effect of the Act | How It Satisfies Rule 9(b) Particularity (Who, What, When, Where, How/Why) |
|---|---|---|
| 2009 Void Transfer to RAL Realty LLC | Stripped equitable title from Plaintiff Wagner and placed the property beyond the reach of future creditors/litigants | **Who:** Mutee Abdole **What:** Executed quitclaim deed to alter-ego RAL Realty LLC **When:** August 2009 **Where:** Ingham County Register of Deeds **How/Why:** For $1.00 after April 2009 land contract; void ab initio to conceal true ownership |
| 2015–2016 $0 Quitclaim Deeds from James St. Clair | Removed St. Clair's interest and further concealed true ownership | **Who:** Abdole, Fadwa Tayfour, and Stacey Lee Welsh **What:** Coerced $0 quitclaim deeds + false notarization **When:** 2015 and 2016 **Where:** Michigan **How/Why:** Welsh notarized without signatories present to facilitate equity stripping |

| Predicate Act | Effect of the Act | How It Satisfies Rule 9(b) Particularity (Who, What, When, Where, How/Why) |
|---|---|---|
| October 16, 2019 Concealed Mid-Litigation Transfer to Kang | Removed the property from the pending 2019 lawsuit and public auction | Who: Abdole and/or Tayfour What: Secret transfer to Kang When: October 16, 2019 Where: Ingham County (same day auction pulled due to lawsuit) How/Why: Deliberately concealed to prevent challenge; sold at steep discount |
| Ongoing Nominee Deed Pattern (Nieces/Nephews) | Hid true ownership, evaded taxes/creditors, and continued equity stripping | Who: Mutee Abdole What: Repeated $0/nominal quitclaim deeds to nominees When: 2018–2025 and continuing Where: Multiple Michigan counties How/Why: Used nieces/nephews as straw owners to conceal assets (see 1707 S. Washington Ave. example) |
| False Notarizations by Stacey Lee Welsh | Facilitated and legitimized the fraudulent deeds | Who: Stacey Lee Welsh What: Provided false notarizations on $0 deeds When: 2015–2016 and other dates Where: Michigan How/Why: Certified documents were signed in her presence when they were not, enabling the scheme |

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Enter judgment in favor of Plaintiffs on all counts;

(b) Award treble damages under 18 U.S.C. § 1964(c) and MCL 750.159i based on Plaintiff's

$350,000 lost equity;

(c) Award attorney fees and costs;

(d) Quiet title to the subject property in favor of Plaintiff;

(e) Award interest per Court Rules to Plaintiff since 2009.

(f) Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Shannon G. Wagner, D.O., J.D.
Shannon G. Wagner, D.O., J.D.
Pro Se Plaintiff
5133 Balzer St.
Lansing, MI 48911
(517) 490-1767
shannongeorgeannwiggins@gmail.com

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SHANNON G. WAGNER, D.O., J.D.,

Plaintiff,

v.                                                    Civil Action No.: (to be assigned)


MUTEE ABDOLE a/k/a MUTEE ABDELJABER,

FADWA TAYFOUR,                                        Hon.:  TBD

RAL REALTY LLC,

GHULAM JAFAR KANG,

STACEY LEE WELSH,

MICHAEL OAKES

Defendants.

---

**BRIEF IN SUPPORT OF COMPLAINT**

## I. INTRODUCTION

Plaintiff Shannon G. Wagner brings this civil RICO action against Defendants for their participation in a long-running enterprise whose purpose has been to acquire, conceal, and strip equity from real properties through fraudulent conveyances, nominee deeds, false notarizations, and active concealment during pending litigation. The enterprise has operated continuously for more than fifteen years and continues to threaten future racketeering activity.

## II. JURISDICTION AND VENUE

This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968. Supplemental jurisdiction over the related state-law claims exists under 28 U.S.C. § 1367. Venue is proper in the Southern Division of the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Ingham County, Michigan, including the subject property at 300 Jolly Road, Okemos, MI (see Complaint ¶ 12).

## III. LEGAL STANDARD

To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege (1) the existence of an enterprise, (2) a pattern of racketeering activity, (3) the defendant's conduct of or participation in the affairs of the enterprise through that pattern, and (4) injury to business or property caused by the violation. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). The "enterprise" may be an association-in-fact. *Boyle v. United States,* 556 U.S. 938, 944 (2009). A "pattern" requires at least two related predicate acts that demonstrate both relatedness and continuity. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239 (1989). Continuity may be closed-ended (a series of related acts over a substantial period) or open-ended (a threat of continued racketeering). *Id.* at 241–42. Michigan's civil RICO statute, MCL 750.159i, mirrors the federal statute and likewise provides for treble damages and attorney fees.

## IV. THE RICO ENTERPRISE

Defendants have formed and conducted an association-in-fact enterprise whose common purpose is equity stripping through fraudulent conveyances and concealment. See Complaint ¶¶ 13–15. The enterprise consists of Mutee Abdole (the central figure), Fadwa Tayfour and RAL Realty LLC (alter egos used for title laundering), Stacey Lee Welsh (false notarizations), Ghulam Jafar Kang (recipient of the concealed transfer), and various nominees. *Boyle v. United States*, 556 U.S. 938 (2009) (association-in-fact enterprise requires only a common purpose and structure — both are present here).

## V. PATTERN OF RACKETEERING ACTIVITY

Plaintiffs have pled a clear pattern of racketeering activity consisting of multiple related predicate acts over a 15+ year period. The acts are related by the common purpose of equity stripping and demonstrate both closed-ended and open-ended continuity. *H.J. Inc.*, 492 U.S. at 239–42.

Specific Predicate Acts and Supporting Exhibits

April 2009 land contract and August 2009 void quitclaim deed to RAL Realty LLC (Complaint ¶¶ 27–28; Exhibits A and B).

2015–2016 $0 quitclaim deeds from James St. Clair, falsely notarized by Stacey Lee Welsh (Complaint ¶ 29; Exhibit C and Exhibit H – St. Clair Affidavit).

October 16, 2019 mid-litigation concealed transfer to Kang on the same day the auction was pulled (Complaint ¶¶ 30–31; Exhibit D and Exhibit E – Genesee Default Judgment).

Ongoing nominee deeds in nieces and nephews' names (Complaint ¶¶ 32, 19; Exhibit T).

These acts constitute mail and wire fraud (18 U.S.C. §§ 1341, 1343) and false recording of instruments (MCL 750.248b). The pattern is continuous: closed-ended over 15+ years and open-ended because the same methods remain available and are still being used. (Exhibit F – Timeline of Concealment; See Appendix 3 – Badges of Fraud Chart).

"Defendants' repeated violations of the Michigan Uniform Voidable Transactions Act, MCL 566.31 et seq., constitute predicate acts of racketeering. The transfers satisfy all eleven statutory badges of fraud under MCL 566.34(2), demonstrating actual intent to hinder, delay, and defraud Plaintiffs and other claimants. These UVTA violations form a central part of the ongoing RICO enterprise's scheme of equity stripping.

"The Uniform Voidable Transactions Act (UVTA), MCL 566.31 et seq., provides the statutory framework for identifying fraudulent conveyances. Here, Defendants' transfers satisfy every one of the eleven badges of fraud listed in MCL 566.34(2). These repeated UVTA violations are not isolated acts; they are the very mechanism by which the RICO enterprise has operated for over fifteen years. See Appendix 1

## VI. INJURY TO BUSINESS OR PROPERTY

Plaintiff has suffered direct, concrete injury to their business and property. Shannon Wagner lost equitable title and equity in the Jolly Road property. James St. Clair was coerced into signing $0 quitclaim deeds, suffered loss of his property interest, and was forced into bankruptcy. These injuries are recoverable under RICO. *Medical Marijuana, Inc. v. Horn*, 145 S. Ct. 931 (2025)

(injury to business or property includes derivative financial losses and The statute's phrase "injured in his business or property" focuses on the **nature** of the harm, not its **cause**.).

## VII. EACH CLAIM IS PROPERLY PLEADED

Count I – § 1962(c): Defendants conducted the affairs of the enterprise through the pattern of racketeering.

Count II – § 1962(d): Defendants conspired to do so.

Count III – Michigan Civil RICO, MCL 750.159i: Defendants violated the Michigan statute and caused injury to Plaintiffs' business and property.

Count IV – Fraudulent Conveyance (MCL 566.31 et seq.): The transfers were made with actual intent to hinder, delay, or defraud, as shown by the badges of fraud.

Count V – Quiet Title and Declaratory Relief: Plaintiffs are entitled to a declaration that the chain of title is fraudulent and should be quieted in their favor. Since it is not possible for Defendants to deliver proper deed or title, Plaintiff is seeking equitable relief as alleged in the Complaint under "Prayer for Relief."

## VIII. CONCLUSION

The Complaint states valid claims under federal and Michigan RICO and related state law. Defendants' conduct has caused Plaintiff substantial injury, and the enterprise continues to threaten future harm to more than just Plaintiff. The repeated UVTA violations (2009 void deed to RAL, 2015/2016 $0 deeds from St. Clair, 2019 concealed mid-litigation transfer to Kang, and ongoing nominee deeds) are the predicate acts.

Respectfully submitted,

/s/ Shannon G. Wagner, D.O., J.D.

Shannon G. Wagner, D.O., J.D., Pro Se

**EXHIBITS**

Exhibit A – April 2009 Land Contract between Shannon G. Wagner and Mutee Abdole
Exhibit B – August 2009 Quitclaim Deed from Abdole to RAL Realty LLC ($1.00)
Exhibit C – 2015 and 2016 $0.00 Quitclaim Deeds from James St. Clair to Fadwa Tayfour
Exhibit D – October 16, 2019 Warranty Deed from Fadwa Tayfour to Ghulam Jafar Kang (concealed mid-litigation transfer)
Exhibit E- Transfer to Kang and price
Exhibit F – September 16, 2025 Genesee County Default Judgment against Kang (quiets title and deems entire chain fraudulent)
Exhibit G – Chart of Nominee Deed Properties (nieces and nephews used as straw owners)
Exhibit H – Notary records and false notarizations by Stacey Lee Welsh
Exhibit I – Notarized Affidavit of James St. Clair (detailing coercion and false notarizations)
Exhibit J – Additional properties with odd transfers  (supporting pattern evidence)
Exhibit K –Oakes involvement
Exhibit L – W/C Motion to withdraw
Exhibit M – Affidavit of Shannon G. Wagner, D.O., J.D.
Exhibit N  – ROA of Cheboygan case for comparison to tactics used
Exhibit O – Affidavit of Jeff Wagner

**APPENDICES**

Appendix 1 – RICO Case Statement (full 20-question format)

Appendix 2 – Corporate Disclosure Statement (Fed. R. Civ. P. 7.1 for RAL Realty LLC)

Appendix 3- Badges of Fraud Chart (MCL 566.34 analysis)

Appendix 4- Master Bias Table – Judge Latchana's conduct in the 2024 Genesee case Appendix

Appendix 5- Auction listing and false disclosures by Abdole

Appendix 6- Pre-emptive answers to Defendants' possible arguments.